FILED
CLERK, U.S. DISTRICT COURT
OCT 12 2012
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL RITTENBERG, an individual, and JEANINE RITTENBERG, an individual,

Plaintiffs,

v.

DECISION ONE MORTGAGE COMPANY, LLC; WELLS FARGO BANK, N.A. D/B/A AMERICA'S SERVICING COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE2; MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC; and DOES 1 – 10, inclusive
Defendants.

Case No. CV11-10635 CBM (ANx)

ORDER

1

The matters before the Court are: (1) Defendants' Motion to Dismiss First Amended Complaint. [Docket No. 24.] ; (2) Defendants' Motion to Strike Portions of Plaintiff's First Amended Complaint. [Docket No. 25.]; and (3) Plaintiffs' Motion for a Preliminary Injunction, resulting from Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Order to Show Cause. [Docket No. 40.]

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343; 15 U.S.C. §§ 1692, 1641(g); and 12 U.S.C. § 2605. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Procedural History

Plaintiffs filed a First Amended Complaint ("FAC") [Docket No. 20] and Defendants move to dismiss the FAC. [Docket Nos. 24, 25, 27.] The FAC alleges causes of action for declaratory relief, quasi contract, negligence, violation of 15 U.S.C. § 1692, et seq., violation of 15 U.S.C. § 1641(g), violation of 12 U.S.C. § 2605, violation of California Business and Professions Code § 17200, et seq., accounting, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California Civil Code §§ 2923.5 and 2924. Plaintiffs subsequently filed a notice of dismissal dismissing Decision One Mortgage from the case without prejudice. [Docket No. 31.] The remaining motion to dismiss was fully briefed and the Court heard oral argument.

Plaintiffs filed an ex parte application the day before a planned foreclosure sale of the property in question for a temporary restraining order enjoining the sale. [Docket No. 40.] This Court granted the application and ordered the parties to brief the order to show cause re: preliminary injunction. [Docket No. 41.] The parties fully briefed the preliminary injunction issue and the Court heard oral

argument.

B.  **Factual History**

Plaintiffs allege that the Assignment of Deed of Trust ("Assignment") purporting to transfer the interest is an invalid and fraudulently created document and that Defendants cannot enforce the Deed of Trust secured by their home. (Plaintiffs' Opposition to Motion to Dismiss ("Dismiss Opp.") at 1.) On September 18, 2006, Plaintiffs executed a Note and Deed of Trust in favor of Defendant Decision One obtaining a loan secured by the Property. (FAC ¶ 16.) The Deed of Trust named Old Republic National Title Ins. as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (*Id.*) On June 29, 2009, LPS Default Title & Closing recorded an "Assignment of Deed of Trust" claiming that MERS as Nominee for Decision One Mortgage "grants, assigns, and transfers" all beneficial interest in the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2. Plaintiffs allege that Plaintiffs' mortgage loan could not have been assigned to the Deutsche Trust because the Trust Agreement governing the creation and administration of the trust required that all mortgage loans pooled therein be assigned within 90 days of the Trust's creation. (FAC ¶ 63.)

Plaintiffs also contend that the purported Assignment was invalid because Decision One Mortgage was dissolved by its parent company on or around September 21, 2007, two years before MERS purports to execute the Assignment as its Nominee, or agent, and because the person who signed the Assignment lacked the corporate authority and personal knowledge required to execute the Assignment on behalf of MERS. (FAC ¶ 63.)

In September 2008, Plaintiffs began to suffer "financial difficulties" including a loss of income, and negotiated and received a loan modification.

(FAC ¶¶ 18, 22-23.) A first notice of default was recorded on May 27, 2009 reflecting Plaintiffs were in default in the amount of $15,408.82. (Defendants' Request for Judicial Notice "MTD RJN" Ex. B.) This Notice of Default was rescinded on December 23, 2009. (MTD RJN, Ex. E.) In July 2010, Plaintiffs suffered another "financial hardship" and sought a new loan modification. (Complaint ¶ 29.) A "third loan modification process" began in January 2011, and a second Notice of Default was recorded on January 29, 2011 reflecting Plaintiffs were in default in the amount of $11,727.44. (FAC ¶ 27; MTD RJN, Ex. F.) On November 28, 2011, Plaintiffs filed for bankruptcy. (FAC ¶ 32.)

Plaintiffs allege that they sent a Qualified Written Request ("QWR") to Wells Fargo on December 6, 2011 to which they did not receive a response. (FAC ¶ 66.) On December 8, 2011, Plaintiffs received notification that they would not receive a second loan modification. (FAC ¶ 33.) A Notice of Trustee's Sale was recorded on April 27, 2011. (MTD RJN, Ex. G.) Plaintiffs have not tendered, but allege that they are "ready, willing, and able" to tender. (FAC ¶ 74.)

### III. DEFENDANTS' MOTION TO DISMISS

#### A.  Standard of Law

Pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted is grounds for dismissal of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must accept the factual allegations in the complaint as true, the Court must not accept the legal conclusions in the complaint as true. *Iqbal*, 129 S.Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.*) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility

when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*)

### B. Third Cause of Action for Negligence

Plaintiffs allege that Wells Fargo breached its duty to Plaintiffs when it mismanaged Plaintiffs' loan modification applications . . . and expressed to Plaintiffs that their home would not be foreclosed upon during loan modification review. (FAC ¶ 102.) Defendants argue that Plaintiffs' negligence cause of action must fail as a matter of law because Defendants do not owe Plaintiffs a duty of care. (Dismiss Motion at 14.) "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1095 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980).

The Court GRANTS Defendants' Motion to Dismiss without prejudice as to Plaintiffs' negligence cause of action. Plaintiff has failed to allege facts showing that Defendants have engaged in any activity that goes beyond the role of a conventional loan servicer.

### C. Fifth Cause of Action for Violation of 15 U.S.C. 1641g ("TILA")

Plaintiffs allege Deutsche or Morgan Stanley failed to notify Plaintiffs they were Plaintiffs' new creditor under 15 U.S.C. § 1641g. (FAC ¶¶ 122, 132.) A claim for damages under TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the allegedly invalid Assignment was recorded on June 29, 2009, but Plaintiff did not file this claim

until December 22, 2011. (FAC ¶¶ 61-62; MTD RJN, Ex. C.)

Plaintiffs contend that tolling should apply because "Plaintiffs were not informed of the purported assignment," and they "diligently read all correspondence related to their Loan." (Dismiss Opp. at 19.) "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir.2001) (en banc). Here, Plaintiffs admit that the allegedly invalid Assignment was recorded, and Plaintiffs have not alleged sufficient facts to show that they have performed "all due diligence" as required under *Santa Maria*. Based on the current allegations, it appears to the Court that Plaintiffs could have discovered the recorded Assignment with minimal due diligence. The Court therefore GRANTS without prejudice[1] Defendants' motion as to the TILA cause of action because the statute of limitations had run before Plaintiffs filed their claim and Plaintiffs cannot cure this defect.

**D.     Eighth Cause of Action for Accounting**

Accounting "is not an independent cause of action but merely a type of remedy . . . and an equitable remedy at that." *Batt v. City & County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) (citing *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)).[2] The Court GRANTS Defendants' Motion without prejudice as to the accounting cause of action.

---

[1] This Court's October 3, 2012 minute order erroneously stated that this cause of action would be dismissed with prejudice.
[2] Moreover, the relief of an accounting may be requested to compel a defendant to account to a plaintiff for money (1) where a fiduciary duty exists; or (2) where no fiduciary duty exists, the accounts evidencing the balance due from a defendant to a plaintiff are so complicated that an ordinary legal action demanding a fixed sum is impractical. 5 Witkin, Cal. Procedure, Pleading § 819, p. 236 (4th ed. 1997). Here, however, Defendants do not owe a fiduciary duty to Plaintiffs and determining a fixed sum is not impractical.

### E. Ninth and Tenth Causes of Action for Breach of Contract and the Implied Covenant

The FAC includes causes of action for breach of contract and breach of the covenant of good faith and fair dealing based on Defendants' alleged failure to credit payments made by Plaintiffs in the order of priority set forth in the Deed of Trust. (FAC ¶¶ 193-195, Ex. A.) To prevail on a cause of action for breach of contract, a plaintiff must show the existence of a valid contract, performance or excuse for non-performance under the contract, defendant's breach, and resulting damage. *McDonald v. John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104 (1989).

Plaintiffs allege that they were excused from performance after December 2010 because they discovered they "were not paying their true creditor." (FAC ¶ 196.) The First Amended Complaint currently lacks insufficient allegations to ascertain what Plaintiffs did to ascertain the identity of the "true creditor" so that it could continue to make payments as required. The Court therefore GRANTS Defendants' Motion without prejudice as to the breach of contract cause of action.

Tort recovery for breach of the covenant of good faith and fair dealing is available only in limited circumstances involving a special relationship between the contracting parties such as that between an insured and its insurer, and California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"). The Court GRANTS Defendants' Motion without prejudice as to Plaintiff's breach of covenant cause of action.

### F. Conclusion as to Motion to Dismiss

For the reasons stated above, the Court GRANTS without prejudice

Defendants' Motion to Dismiss as to the negligence, accounting, TILA, breach of contract, and breach of covenant causes of action. The Court finds that Plaintiffs have sufficiently stated a claim and alleged sufficient facts to support those claims for the remaining causes of action for declaratory relief, quasi contract, violation of 15 U.S.C. § 1692, et seq., violation of 12 U.S.C. § 2605, violation of California Business and Professions Code § 17200, et seq., and violation of California Civil Code §§ 2923.5 and 2924 and DENIES the Motion to Dismiss as to those claims.

Plaintiffs may file a Second Amended Complaint pursuant to Local Rule 15-2 no later than October 22, 2012 attempting to cure the defects in the causes of action for which the Court has granted the motion without prejudice. Plaintiffs should only file a Second Amended Complaint if they have additional facts that can be alleged that would cure the defects noted in this Order. Failure to file a Second Amended Complaint by October 22, 2012 will result in the defective causes of action being dismissed with prejudice.

## IV. DEFENDANTS' MOTION TO STRIKE

### A. Standard of Law

Under Federal Rule of Civil Procedure Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are regarded with disfavor because of the policy favoring resolution on the merits. *See, e.g., RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005). An "immaterial" matter "has no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." *Id.* "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).

**B.     Discussion**

With its motion to strike, Defendants seek to exclude all references in the First Amended Complaint to punitive damages, emotional distress, attorneys' fees, and other damages. Under the *Whittlestone* case, the district court lacks authority to strike these claims for damages. In light of the clear directive of *Whittlestone*, the Court DENIES Defendants' Motion to Strike.

## V.     PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**A.     Standard of Law**

The function of a preliminary injunction is to preserve the status quo and prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A party seeking a preliminary injunction must demonstrate: 1) that they are likely to prevail on the merits; 2) that they are likely to suffer irreparable harm in the absence of injunctive relief; 3) that the balance of equities tips in their favor; and 4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S 7 (2008).

**B.     Discussion**

### 1. Likelihood of Success on the Merits

Plaintiffs allege that should they be permitted to proceed with discovery without the threat of foreclosure, the evidence will show that while an Assignment was made and recorded, the Assignment was invalid, and Plaintiffs' Note and Mortgage were never transferred, negotiated, or assigned to Deutsche. (Application at 7.) In support of their motion, Plaintiffs included a declaration from Plaintiff Jeanine Rittenberg and three exhibits. The Rittenberg Declaration states that she was falsely informed that Wells Fargo had a right to enforce the loan and foreclose on her home, an entity NDEx West LLC has the right to legally foreclose on the property, her attorney discovered that Deutsche Bank National

Trust Company had purportedly been assigned the mortgage loan in question and pooled it into a trust several years after the cut-off date noted in the trust's Pooling and Servicing Agreement, the alleged Assignment was executed by Decision One nearly two years after Decision One was dissolved, the signer was not an "Assistant Secretary" of MERS as indicated in the papers, but instead is a Texas attorney and lacked sufficient personal knowledge to sign the Assignment, Rittenberg sent a QWR to Wells Fargo through her attorney, and she has received no response.

Exhibit A is a public report on the current foreclosure practices in California, noting problems with compliance by lenders. (Application, Ex. A.) Exhibit A does not focus on any defendants in this case. Exhibit B is a report from the Office of the Inspector General of the U.S. Department of Housing and Urban Development detailing Defendant Wells Fargo's failures to comply with laws or regulations in foreclosure cases. (Application, Ex. B.) Finally, Exhibit C is a "Standing Investigator" report by McDonnell Property Analytics analyzing the mortgage transactions at issue in this case. The report examined public land records and public and private mortgage-related databases and questions whether the chain of title to the Property is impaired due to the failure to comply with the requirements of Section 2.01 of the Pooling and Servicing Agreement. (Application, Ex. C.) The report also notes that it is unable to obtain information as to antecedent assignments that move the Deed of Trust from the originator Decision One Mortgage Company, LLC to the seller/sponsor of the securitization, Morgan Stanley Mortgage Capital, Inc., and from the seller/sponsor to the depositor, Morgan Stanley ABS Capital, Inc., and that these assignments should be investigated. (*Id.*)

In opposition, Defendants provide the declaration of Wells Fargo Default Litigation Specialist and Vice President of Loan Documentation Robert Bateman.

Mr. Bateman's declaration contains many exhibits, which document much of the history of the mortgage loan at issue.

The Court concludes after considering the evidence that Plaintiffs have presented enough at this early stage to show that it is likely to prevail on at least one of its causes of action.

### 2. Irreparable Harm

Potential loss of real property through foreclosure may constitute a threat of irreparable injury. *See Sundance Land Corp. v. Cmty. First Fed'l Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). Because real property, such as Plaintiffs' home, is unique, a legal remedy such as damages is inadequate. "Given the drastic implications of a foreclosure, it is not surprising to find courts quite frequently granting preliminary injunctions to forestall this remedy while the court considers a case testing whether it is justified under the facts and law." *Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust*, 168 Cal. App. 3d 818, 825 (1985). Defendants do not address irreparable harm.

The Court finds Plaintiffs have made a strong showing of irreparable harm.

### 3. Balance of Equities

Plaintiffs argue that Defendants will suffer no prejudice by the issuance of an injunction because Plaintiffs are prepared to post an adequate undertaking as ordered by the Court. (Application at 11.) On the other hand, if the injunction is not granted, Plaintiffs home may be lost and not easily replaced. (*Id.*) Defendants do not address the balance of equities.

### 4. Public Interest

"[I]t is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their home." *Sencion v. Saxon Mortg. Servs., LLC*, 2011 WL 1364007 (N.D. Cal. Apr. 11, 2011). Plaintiffs argue that there are serious questions going to the merits of this case,

1  and that it is in the public interest to let parties litigate such cases rather than to
2  foreclose on the home before that can be done. (Application at 12.) Defendants
3  do not address the issue of public interest.
4      The Court finds that this factor tips in favor of Plaintiffs.

### C.  Conclusion

6      Plaintiffs' showing of likelihood of success on the merits is weak, but they
7  have made a strong showing of irreparable harm. In such a case, the Court may
8  grant a preliminary injunction. *See Regents of Univ. of Cal. v. ABC, Inc.*, 747 F.2d
9  511, 515 (9th Cir. 1984) ("The greater the relative hardship to the moving party,
10 the less probability of success must be shown."); *Benda v. Grand Lodge of Int'l
11 Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978),
12 *cert. dismissed*, 441 U.S. 937 (1979) ("The critical element in determining the test
13 to be applied is the relative hardship to the parties. If the balance of harm tips
14 decidedly toward the plaintiff, then the plaintiff need not show as robust a
15 likelihood of success on the merits as when the balance tips less decidedly."). The
16 Court therefore GRANTS the application for a preliminary injunction and enjoins
17 Defendants from engaging in a foreclosure sale during the duration of this
18 litigation on condition that Plaintiffs post a bond in the amount of $11,727.44 no
19 later than Friday, October 19, 2012 at 5:00p.m. This date supersedes the date
20 indicated in the Court's October 3, 2012 minute order. If no bond is posted by this
21 deadline, no preliminary injunction will be in place and Defendants will be free to
22 continue the foreclosure sale process.

**IT IS SO ORDERED.**

DATED: OCT 1 2 2012 , 2012

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE